UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS CHAD CLEMENT,

               Petitioner,               Case No. 1:10-cv-849

v.                                            Honorable Paul L. Maloney

BLAINE LAFLER,

               Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the amended petition must be dismissed because it fails to raise a meritorious federal claim.

## Factual Allegations

Petitioner presently is incarcerated at the Carson City Correctional Facility. Petitioner pleaded guilty in Kent County Circuit Court to operating a motor vehicle under the influence of intoxicating liquor (OUIL), third offense, MICH. COMP. LAWS § 257.625(6)(d); felonious assault, MICH. COMP. LAWS § 750.82; third-degree fleeing and eluding a police officer, MICH. COMP. LAWS § 257.602a(3)(A); assault with intent to commit great bodily harm, MICH. COMP. LAWS § 750.84; and resisting and obstructing a police officer, MICH. COMP. LAWS § 750.81(d)(2). On January 29, 2009, the trial court sentenced Petitioner to three to five years for the OUIL conviction, two to six years for the felonious assault conviction, one to three years for the third-degree fleeing and eluding a police officer conviction, seven to fifteen years for the assault with intent to commit great bodily harm conviction and two to six years for the resisting and obstructing a police officer conviction.

Petitioner filed a motion to set aside the guilty plea and/or for resentencing in the Kent County Circuit Court. After a hearing, the trial court denied the motion on September 24, 2009. Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following issues: (1) the trial court erred by refusing to set aside Petitioner's unsupported guilty plea; (2) the trial court erred by failing to sentence Petitioner within a legitimate guideline range; and (3) Petitioner's plea for the assault with intent to commit great bodily harm was defective, and, thus, Petitioner's sentence was unwarranted and was an unsupported departure. The court of appeals denied leave to appeal on December 10, 2009.[1] Petitioner also filed a motion for reconsideration, which was denied on January 28, 2010.[2] Petitioner sought leave to appeal to the

---

[1] Justice Gleicher, however, would have granted the delayed application for leave to appeal.

[2] Justice Gleicher would have granted the motion for reconsideration.

Michigan Supreme Court, raising the following issues: (1) the trial court abused its discretion by refusing to correct Petitioner's sentence and/or set aside his plea for the assault with intent to commit great bodily harm conviction; and (2) Petitioner was denied the effective assistance of counsel. The supreme court denied leave to appeal on June 28, 2010.

Petitioner raises three claims in his amended application for habeas relief[3] and supporting brief:

    I.    THE STATE COURT FAILED TO ESTABLISH SUFFICIENT FACTUAL SUPPORT FOR [ITS] ACCEPTANCE OF THE GUILTY PLEA.

    II.    THE STATE COURT'S SCORING OF [THE] GUIDELINES WERE INSUFFICIENT AND UNSUPPORTIVE AND BASED ON INACCURATE INFORMATION [AND] DEPRIV[ED] PETITIONER OF DUE PROCESS OF THE LAW.

    III.    PETITIONER WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT[] TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

(Am. Pet., Page ID ##34-35, 37, docket #4; Pet'r's Br., Page ID #9, docket #2.)

## Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect

---

[3] Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). It is unclear whether all of the issues raised in Petitioner's habeas petition were presented in the Michigan appellate courts. Even if Petitioner did not fairly present one or more of his habeas grounds in his state court appeals, the Court may dismiss a petition on the merits notwithstanding his failure to exhaust available state-court remedies. *See* 28 U.S.C. § 2254(b)(2).

to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

## Discussion

### I. Guilty Plea

In his first ground for habeas corpus relief, Petitioner argues that his guilty plea was invalid because it lacked a sufficient factual basis. In his amended petition and supporting brief, Petitioner limits this claim to his assault with intent to commit great bodily harm conviction.

It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267. A plea not voluntarily and intelligently made has been obtained in violation of due process and is void. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969). Petitioner's claim does not challenge the power of the state to bring him into court. Thus, the only means available for

challenging his conviction is to claim that his plea is invalid, i.e., it was not knowingly and voluntarily entered into. *See Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("It is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."). Petitioner does not argue that his guilty plea was not knowingly and voluntarily entered into. Rather, Petitioner only claims that there was not a factual basis for pleading guilty to the assault with intent to commit great bodily harm offense.

The requirement that the court establish a factual basis for a guilty plea is a creature of rule, not the federal Constitution. While Michigan Court Rule 6.302(D) and Federal Rule of Criminal Procedure 11 require that the court establish a factual basis for a plea of guilty or nolo contendere, under no circumstances is a factual basis required by the Constitution. *See United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995); *United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1993) (en banc), *overruled on other grounds*, *Custis v. United States*, 511 U.S. 485 (1994); *see also United States v. Timmreck*, 441 U.S. 780, 783 (1979) (a violation of FED. R. CRIM. P. 11 is neither constitutional nor jurisdictional). The state courts are not constitutionally required to establish a factual basis for an otherwise voluntary and intelligent plea. *See Alford*, 400 U.S. at 37-38; *Roddy*, 516 F.2d at 1385; *accord Meyers v. Gillis*, 93 F.3d 1147, 1152 (3d Cir. 1996); *United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1993) (en banc) (implicitly overruled on other grounds by *Custis v. United States*, 511 U.S. 485 (1994)). "*Alford* held that there is no constitutional bar to accepting a guilty plea in the face of an assertion of innocence, so long as a defendant voluntarily, knowingly, and understandingly consents to be sentenced on a charge. This being the rule, there is no constitutional requirement that a trial judge inquire into the factual basis of a plea." *Roddy*, 516 F.2d at 1385. Additionally, a state defendant has no constitutionally guaranteed right

to withdraw a guilty plea. *See Carwile v. Smith*, 874 F.2d 382 (6th Cir. 1989). Consequently, the adequacy of the factual basis for Petitioner's guilty plea is not reviewable in habeas corpus.

## II.  Ineffective Assistance of Counsel

In his third ground for habeas corpus relief, Petitioner argues that he was denied the effective assistance of counsel because his counsel recommended that he plead guilty to the assault with the intent to commit great bodily harm offense.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691. A claim of ineffective assistance of counsel presents a

mixed question of law and fact. Accordingly, the Court must apply the "unreasonable application" prong of § 2254(d)(1). *See Barnes v. Elo*, 339 F.3d 496, 501 (6th Cir. 2003).

Under *Hill v. Lockhart,* 474 US 52 (1985), a habeas petitioner attempting to challenge a guilty plea on the basis of misadvise of counsel bears the burden of showing two propositions: (1) that the attorney rendered misadvice, falling outside the range of competence demanded of attorneys in criminal cases under the standard of *Strickland*; and (2) that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 56-60; *see Sullivan v. United States*, 11 F.3d 573, 576 (6th Cir. 1993). Where a petitioner does not allege facts showing constitutional ineffectiveness and prejudice, an evidentiary hearing is not required and summary dismissal is appropriate. *Hill,* 474 U.S. at 60.

Petitioner argues that he should not have pleaded guilty to the assault with intent to cause great bodily harm offense because Petitioner did not have the requisite intent. The elements of assault with intent to commit great bodily harm are: (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder. *People v. Brown*, 703 N.W.2d 230, 236 (Mich. Ct. App. 2005) (quotation omitted); MICH. COMP. LAWS § 750.84. "This Court has defined the intent to do great bodily harm as 'an intent to do serious injury of an aggravated nature.'" *Id.* (quotation omitted.) An intent to harm the victim can be inferred from defendant's conduct. The requisite intent is established if a defendant attempts to do corporeal harm to a victim through the use of a deadly weapon. *People v. Parcha*, 575 N.W.2d 316, 318-19 (Mich. Ct. App. 1997.) At the plea hearing, Petitioner stated that he drove his car directly at the police officer and hit him. (Pet'r's Br., Page ID ##14-15, docket #2.) Petitioner,

however, argues that he only intended to scare the police officer. (*Id.*, Page ID #18.) It was entirely reasonable for counsel to conclude that Petitioner's actions supported the intent element for the assault with intent to commit great bodily harm offense. Petitioner drove a deadly weapon directly at a police officer and hit him. Because Petitioner cannot make the showing required by the first prong of *Strickland,* his habeas claim fails.

### III. Scoring of Offense Variables

Petitioner argues that he was improperly assessed points for Offense Variables 9 and 10. Petitioner contends that the record does not support the assessment of points for multiple victims or the assessment of points for the vulnerability of a victim when the victim was a police officer who fired his gun at Petitioner. (Pet'r's Br., Page ID #20, docket #2.)

There is no constitutional right to individualized sentencing in non-capital cases. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978) (in a case holding that mitigating factors must be fully considered in death penalty cases, the Court "recognize[d] that, in noncapital cases, the established practice of individualized sentences rests not on constitutional commands, but on public policy enacted into statutes."). Since Petitioner has no federal right to an individualized sentence, this ground presents an issue of state law only. Petitioner has not alleged grounds for the Court to conclude that this is one of those rare instances where an alleged state-law sentencing error was so egregious that it led to a fundamentally unfair outcome. *See Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's amended application for habeas corpus relief pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: October 6, 2010            /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  Chief United States District Judge